## Montour County *v.* Danville & Mahoning Poor District, Appellant (No. 3).

*Lunacy—Criminal lunatic—Commitment—Form of verdict—Support of lunatic.*

In a proceeding by a county against a poor district to recover expenses incurred for the maintenance of a criminal lunatic committed to a state hospital for the insane, after a trial in which the jury found "defendant not guilty on account of insanity," the poor district cannot allege that the commitment by the court was a nullity, because the verdict did not contain a special finding that the defendant was insane at the time of the commission of the offense for which the indictment was brought.

Argued March 4, 1911. Appeal, No. 13, March T., 1912, by defendant, from judgment of Q. S. Montour Co., Jan. Sessions, 1910, No. 6, in case of Montour County v. Directors of the Poor of Danville & Mahoning Poor District. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Proceedings to determine liability of Danville Mahoning Poor District to reimburse Montour county for expenses incurred in the support of Caroline Fillinger, a criminal lunatic. Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff in petition, answer and agreement of council.

*C. R. Savidge,* with him *Wm. Kase West,* for appellant.

*Fred Ikeler,* with him *Ralph Kisner* and *James Scarlet,* for appellee, cited: Sharff v. Com., 2 Binney, 514; Gibson v. State, 38 Miss. 295; Clearfield County v. Cameron Twp. Poor Dist., 135 Pa. 86; Davidson Township's App., 68 Pa. 312; Com. v. Burton, 16 Pa. Superior Ct. 218; Boyle's Lunacy, 20 Pa. Superior Ct. 1; Gram's App., 4 Watts, 43.

OPINION BY RICE, P. J., July 18, 1912:

It is contended that the quarter sessions had not authority to adjudge and certify the legal settlement of Caroline Fillinger and to order the poor district, in which her legal settlement was found to be, to reimburse the county for the expenses incurred for her maintenance in the state hospital for the insane at Danville, because she was not committed to the hospital "in pursuance of the laws of this commonwealth," within the meaning of the Act of June 25, 1895, P. L. 270. This contention is based on the form of the verdict pursuant to which she was committed. The verdict was, "We find defendant not guilty on account of insanity," and did not contain a special finding that she was insane at the time of the commission of the offense for which she was indicted. Thereupon the court ordered that she should "be committed to the hospital for the insane at Danville and to be there detained in strict custody, at the expense of the county of Montour, so long as she shall continue to be of unsound mind, and until discharged from thence by due process of law." In obedience to this order, she was conveyed to the hospital by the sheriff, was received by the hospital authorities on March 4, 1910, and is there detained.

Section 66 of the Act of March 31, 1860, P. L. 427, provides that in every case in which it shall be given in evidence upon the trial of any person charged with any crime or misdemeanor, that such person was insane at the time of the commission of such offense, and he shall be acquitted, "the jury shall be required to find specially

whether such person was insane at the time of the commission of such offense, and to declare whether he was acquitted by them on the ground of such insanity; and if they shall so find and declare, the court before whom the trial is had shall have power to order him to be kept in strict custody, in such place and in such manner as to the said court shall seem fit, at the expense of the county in which the trial is had, so long as such person shall continue to be of unsound mind." The phrase, "on account of," is commonly used to mean, "because of," "by reason of," "on the ground of," and, giving to the words of the verdict a reasonable intendment, they amounted to a declaration that the defendant was acquitted by the jury "on the ground of insanity," and thus the verdict, in that regard, was in substantial conformity with the requirement of the act. But, if the case of Com. v. Fillinger were before us for direct review on appeal, it might be argued with much force that the verdict was irregular and not in strict conformity with the requirements of the foregoing section, because of the omission therefrom of a special finding that the defendant was insane at the time of the commission of the offense for which she was indicted. But the record of the case is not before us for direct review, and, in order to sustain the appellants' contention, we must hold, not merely that the verdict was irregular and defective, but also that the commitment was absolutely void, and, therefore, the sheriff was not bound to execute it, the hospital authorities might have refused to receive the person thus committed into their care and custody, the county was not liable for the expenses of her maintenance in the hospital, even though the hospital authorities did receive her under the commitment, and was a mere volunteer in paying them; in short, that the commitment was a nullity, which no one was bound to respect. We cannot so regard it either upon principle or authority. In assumpsit by a county against a township which had been adjudged and certified to be the legal settlement of the insane person, to recover the

amount paid by the county to maintain her at the state lunatic hospital to which she had been committed by the quarter sessions, judgment was given for the county, which, on writ of error, was affirmed: Lower Augusta Twp. v. Northumberland County, 37 Pa. 143. The case is pertinent because of what is decided as to the presumption in favor of the legality of the commitment in the action to obtain reimbursement. We quote from the opinion of Chief Justice LOWRIE: "As the record of that commitment appears before us in this case, it is very defective in not stating on what grounds she was committed to the hospital. She is found to be insane, but it is not stated whether she was charged with crime, or unsafe to be at large, or suffering unnecessary duress, the only cases in which the quarter sessions has authority to commit to the hospital. We cannot review the record of commitment in this action, and therefore we must presume that it is right, and that some one of these causes of commitment existed. And, in order to sustain this judgment, we must decide that the township is liable, no matter which of the three causes may have been the one on which the commitment was grounded." The principle applied in that case is applicable here. The order pursuant to which Caroline Fillinger was committed was made by a court of competent jurisdiction, in a criminal case in which the jury declared substantially, by their verdict, that they found her not guilty on the ground of her insanity. However it might be on direct appeal from that order, it is to be presumed, in this collateral proceeding, that evidence was given, on the trial, of the insanity of the defendant at the time of the commission of the offense charged against her, that the jury were properly instructed by the court as to their duty in the event of their finding that fact, and that their verdict was predicated on such finding by them, although not expressly set forth in their verdict. It follows that the contention that she was not committed to the hospital "in pursuance of the laws of this commonwealth," cannot be sustained.

The other questions in the case, raised on this appeal, have been discussed in the two cases immediately preceding.

The order is affirmed at the costs of the appellant, and the record is remitted with a procedendo.